## SAMUEL BRIGGS *vs.* BENJAMIN FISKE *& al.*

In an action under the *stat.* 1821, c. 62, § 5, to recover the increased value of the land, by reason of a possession and improvement thereof for six years or more, against those making an entry into the land without judgment and withholding the possession thereof; an entry by one having a bond from the defendants to convey the land to him, without other authority, does not render them liable.

EXCEPTIONS from the Court of Common Pleas, PERHAM J. presiding.

This action was assumpsit for money paid, laid out and expended, brought against *Fiske*, *Bridge*, *Stetson* and *Brown* to recover of them, as appeared from the bill of particulars, the increased value of a certain lot of land by buildings and improvements alleged to have been made by the plaintiff. After the action had been entered and continued, the plaintiff moved for leave to amend his writ by striking out the names of *Stetson* and *Brown*. This was objected to, but the leave thus to amend was granted. The amendment was not made until a subsequent term, and the counsel

for the defendants objected to the striking out of the names of any of the defendants, unless their costs were first paid, and contended, that this amendment impaired the rights of the remaining defendants. The Court permitted the amendment, and it was made, and the costs were not paid.

The plaintiff proved an occupation of more than six years, when one *Cyrus J. Fay* entered upon the land by virtue of a bond from *Fiske* and *Bridge* to convey the same to him upon his making certain payments.

The counsel for the defendants requested the Judge to instruct the jury, that upon the evidence, the plaintiff was not entitled to recover; that there was no evidence showing that *C. J. Fay* was an agent of the defendants; and that there was no legal evidence, that the defendants ever entered and turned the plaintiff out. The Judge declined to give either of the instructions requested. The jury having found a verdict for the plaintiff, the defendants excepted.

*M. L. Appleton*, for the defendants, contended, that the amendment could only be made on the payment of costs. *Stat.* 1835, *c.* 178, § 4. The amendment should not have been permitted to be made, because it impairs the rights of the remaining parties.

If a cause of action be shown against any one, it is against the plaintiff's witness, *Fay.* No entry has been made by the defendants upon the plaintiff, as is required to sustain an action by *stat.* 1821, *c.* 62, § 5. *Fay* entered on his own account, and without any authority from the defendants.

*J. Appleton*, for the plaintiff, contended, that the present defendants could not take advantage of any neglect to pay the costs to those whose names were stricken out. The non-payment of costs may be corrected without opening the whole case. *Boyd* v. *Brown*, 17 *Pick.* 453.

The entry by *Fay* was under the defendants, and they are liable. *Lombard* v. *Ruggles*, 9 *Greenl.* 62.

The opinion of the Court was drawn up by

WESTON C. J. — The plaintiff had leave to amend, by striking out two of the defendants. This was allowed, under the *statute* of 1835, *c.* 178, § 4. He should have paid them their costs, which is a condition imposed by that statute. Whether this is a

question only between the plaintiff and the defendants, whose names were stricken out, or whether if not, it cannot be corrected without setting aside the verdict, it is unnecessary to determine, as we are of opinion, that the exceptions are sustained upon another point.

There is no sufficient proof, that the defendants have entered into the land, and withheld the possession from the tenant, so as to bring the case within the *stat.* of 1821, *c.* 62, § 5. The privity between the defendants and *Cyrus J. Fay,* who did enter, appears in *Fay's* deposition. The defendants had given *Fay* a bond to convey the land to him. This did not carry with it a right to put the plaintiff out of possession. If *Fay* thereupon proceeded to do so, against the consent of the plaintiff, the tenant, he should have sought his remedy against him. The defendants were not implicated by his illegal acts, merely because they had contracted to convey to him. When he had entitled himself to a deed, they might have extinguished the plaintiff's claim, if it had not already been done. There is in the case some evidence, tending to show that *Fay* was the agent of the defendants; but how he stood in relation to this lot, appears from his deposition. Having contracted to purchase, he entered on his own account, presuming on the indulgence of the defendants, so far as their interest was affected, which is not unusual in such cases. But in order to charge them under the statute, it should appear affirmatively, that *Fay* acted for them, so as to render them distinctly liable for his entry.

*Exceptions sustained.*